UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

WILLIAM McCOLLUM, JR.,
　　　　　　　*Defendant-Appellant.*

No. 02-4907

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-988)

Argued: August 25, 2003

Decided: November 12, 2003

Before WILKINS, Chief Judge, and TRAXLER and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** David Bruce Betts, LAW OFFICE OF DAVID B.
BETTS, Columbia, South Carolina, for Appellant. Alfred William
Walker Bethea, Assistant United States Attorney, Florence, South
Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William McCollum, Jr. ("McCollum") pleaded guilty to one count of possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. During his sentencing hearing, McCollum raised for the first time an objection to the quantity of drugs attributed to him in the pre-sentence report ("PSR"), which the district court rejected. On appeal, McCollum argues that the district court: (1) abused its discretion by refusing to consider his objection regarding the drug quantity attributable to him; and (2) violated 18 U.S.C. § 3553(c)(1), by failing to state in open court its reasons for imposing a 360-month sentence. Finding no reversible error, we affirm McCollum's sentence.

I.

In July 2000, the DEA took McCollum into custody in South Carolina and advised him of his rights after observing him attempt to sell one kilogram of crack cocaine to a DEA informant. In an effort to cooperate with the government, McCollum identified his drug supplier and agreed to assist in his apprehension by acting as an informant. Accordingly, the government provided McCollum with recording equipment and arranged a transaction with McCollum's supplier. A few weeks later, however, McCollum disappeared. In December 2000, the government indicted and charged McCollum with one count of possessing with the intent to distribute 50 grams or more of cocaine base.

In April 2002, McCollum was arrested and shortly thereafter entered a guilty plea on the possession charge. The probation officer prepared a PSR and later revised the same, incorporating two objections raised by McCollum.[1] At his sentencing hearing, McCollum

---

[1]First, McCollum objected to a two-level enhancement for obstruction of justice related to his fleeing to New York in 2002. The district court

raised, for the first time, an objection to the quantity of drugs attributed to him in the PSR. The district court inquired into whether McCollum had received the PSR, and having been informed that he had, refused to consider McCollum's objection, stating that his objection "comes too late." The district court then determined that McCollum's total offense level was 35 and that the guideline sentencing range was 292-365 months of imprisonment. The district court sentenced McCollum to 360 months of imprisonment but did not provide an oral statement as to its reasons for imposing this sentence. The written criminal judgment, however, stated that McCollum's sentence "conforms with the U.S. Sentencing Commission Guidelines."

McCollum timely filed this appeal arguing that: (1) the district court abused its discretion by refusing to consider his objection to the drug quantity attributed to him; and (2) the district court violated 18 U.S.C. § 3553(c)(1) by failing to announce in open court its specific reasons for imposing a 360-month sentence.

II.

This Court reviews a district court's decision of whether to consider untimely objections to the PSR for abuse of discretion. *See United States v. Morsely*, 64 F.3d 907, 914 (4th Cir. 1995). Our power to review sentences is limited to instances in which a sentence is imposed in violation of the law or imposed as a result of an incorrect application of the sentencing guidelines. *See United States v. Jones*, 18 F.3d 1145, 1151 n.4 (4th Cir. 1994); *United States v. Greer*, 285 F.3d 158, 177 (2d Cir. 2002). McCollum argues that we have the power to review his sentence because it was imposed in violation of 18 U.S.C. § 3553(c)(1). Because McCollum failed to raise this issue at sentencing, we review his claim for plain error.

granted this objection. Second, McCollum objected to the PSR's characterization of his two prior drug convictions as two separate incidents. The district court denied this objection.

III.

It is solely within the discretion of the district court to consider untimely challenges to the PSR. *See* Fed. R. Crim. P. 32(i)(1)(D). Indeed, the district court "may, for good cause, allow a party to make a new objection . . . ." *Id.* Here, the district court heard McCollum's objection to the drug quantity attributed to him in the PSR, J.A. 78, and inquired into whether the probation officer had furnished McCollum and his lawyer with a copy of the PSR, which contained information related to the drug quantity attributed to McCollum. *Id.* at 79. Once the district court determined that McCollum and his lawyer had received a copy of the PSR and therefore notice of the drug quantity, it refused to consider the newly raised objection. *Id.* We find that the district court did not abuse its discretion in denying this objection. Contrary to McCollum's assertions, the district court provided McCollum the opportunity to proffer a reason as to why his objection to the drug quantity contained in the PSR should be considered. Having concluded that McCollum failed to proffer "good cause" as to its untimeliness, the district court properly refused to consider McCollum's objection.[2]

IV.

Both parties agree that the district court violated 18 U.S.C. § 3553(c)(1) by failing to state in open court its reasons for imposing a 360-month sentence on McCollum. As previously noted, this Court's ability to review sentences is limited to instances in which a sentence is "imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1-2). This Court has never directly addressed whether a sentence

---

[2]In any event, the district court's finding with respect to the quantity of drugs attributable to McCollum is not clearly erroneous. The PSR attributed 1,002 grams of cocaine base and 319.5 kilograms of powder to McCollum for purposes of sentencing. The probation officer derived this drug quantity from statements McCollum made when he was cooperating with the DEA in July 2000 and from a letter provided by McCollum's lawyer in which McCollum admitted that he transported 1 kilogram of cocaine base in July 2000. *See* J.A. 95 (detailing account of McCollum's July 2000 drug sale transaction). These statements are sufficient to support the district court's findings on this point.

imposed in violation of § 3553(c)(1) is reviewable as a sentence "imposed in violation of law."[3] However, we need not resolve this issue today. Because McCollum failed to request an explanation or object to the sentence imposed during the sentencing proceedings, this Court may review the error under the plain error test. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). That is, McCollum's sentence may be reversed only if the error is plain and affects his substantial rights. Even if McCollum overcomes this hurdle, the decision to correct the error remains in the "sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affects the fairness, integrity or public reputation of the judicial proceedings.'" *Id.* at 732 (internal citation omitted).

Here, the district court relied upon the PSR for its determination of the sentencing guideline range — 292 to 365 months — applicable to McCollum. McCollum did not object to the guideline range and the district court sentenced him to a term of imprisonment within that range, 360 months. Thus, although the district court erred by failing to state, in open court, its reasons for this sentence, we conclude that the error does not seriously affect the fairness and integrity of the judicial proceedings. We therefore find that the district court did not commit plain error warranting reversal of McCollum's sentence.

V.

For the above-mentioned reasons, we find no reversible error. We therefore affirm McCollum's sentence.

*AFFIRMED*

---

[3]In *United States v. Jones*, 18 F.3d 1145, 1151 n.4 (4th Cir. 1994), this Court declined to address the reviewability of a sentence imposed in violation of § 3553(c)(1).